IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALFREDO CASTILLO | § | |
| | § | |
| v. | § | C.A. NO. C-09-202 |
| | § | |
| DAN JOSLIN[1] | § | |

**MEMORANDUM AND RECOMMENDATION**
**TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is a federal prisoner currently incarcerated at the Federal Correctional Institution in Three Rivers, Texas. (D.E. 1). On August 14, 2009, Petitioner filed this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241. Id. Pending is Respondent's motion for summary judgment. (D.E. 11). Petitioner has not filed a response.[2] For the reasons stated herein, it is respectfully recommended that Respondent's motion for summary judgment be granted, and this habeas action be dismissed.

---

[1] As the warden of the Federal Correctional Institution in Three Rivers, Texas, Dan Joslin has custody of Petitioner and is the proper respondent regarding this habeas corpus petition. Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484 (1973) (citing Wales v. Whitney, 114 U.S. 564, 574 (1885)); Mounce v. Knighten, 503 F.2d 967, 969 (5th Cir. 1974) (per curiam); West v. Louisiana, 478 F.2d 1026, 1029 n.1 (5th Cir. 1973) (citing Wales); see also Rule 2(a) of the Rules Governing Section 2254 Cases ("If the petitioner is currently in custody under a state court judgment, the petition must name as respondent the state officer who has custody.").

[2] Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition.

## I.  JURISDICTION

Section 2241 petitions must be filed in the district wherein the prisoner is incarcerated.  Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).  Petitioner is incarcerated in Live Oak County, Texas, and jurisdiction is therefore proper in this Court.  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

On May 23, 2005, Petitioner was released from the Texas Department of Criminal Justice ("TDCJ") on parole from a sentence he was serving for possession with intent to deliver a controlled substance.  (D.E. 11, App., at 1).  On January 18, 2006, he was arrested by police in San Antonio, Texas on two counts of possession with intent to deliver a controlled substance and one count of possession of marijuana.  Id. at 2.  After Petitioner consented to a search of his home, police discovered a firearm.  Id.  The drug charges were eventually dropped, but Petitioner's parole was revoked on January 22, 2006, and he was returned to TDCJ to resume his prior sentence that same day.  Id.  Petitioner asserts that he was in the custody of the United States Marshal Service from his arrest until sometime in August 2007.  (D.E. 1, at 3).[3]

---

[3] Petitioner is no more specific than sometime that month, and the record does not provide any additional information.

2

On May 16, 2007, pursuant to a writ of habeas corpus ad prosequendum, Petitioner appeared in federal court under the Marshal's custody. (D.E. 11, App., at 2). For the weapon found in his home on January 18, 2006, he was convicted and sentenced in the United States District Court for the Western District of Texas to 90 months of imprisonment for possession of a firearm by a felon. Id. at 16. On May 30, 2007, Petitioner was returned to TDCJ custody where he continued serving his state sentence. Id. at 2-3.

On March 14, 2008, Petitioner was paroled by TDCJ and released into the custody of the Federal Bureau of Prisons ("BOP"). Id. at 3. He began serving his federal sentence that day. Id. TDCJ credited the entire time Petitioner spent in state and federal custodies from January 22, 2006 through March 13, 2008 toward his state sentence. Id. BOP credited Petitioner's federal sentence with the time he spent in police custody from January 18, 2006 through January 21, 2006. Id.

Before Petitioner filed this petition, on October 23, 2008, he made a written inquiry to a BOP official, Ms. McCaron, about his time credits. (D.E. 1, Ex. A, at 1). However, Kinda Flagg, a Management Analyst with the BOP's Designation and Sentence Computation Center, testified that Petitioner did not exhaust all his administrative remedies. (D.E. 11, App., at 3). Indeed, she determined "that Castillo has not commenced the process of exhausting his available administrative

remedies." Id. at 3, 32.

### III. DISCUSSION

Petitioner claims that the BOP erred in not crediting his sentence with 564 days he spent in custody between his arrest and transfer to TDCJ. (D.E. 1, at 3). Respondent seeks dismissal of the petition on the grounds that Petitioner's claim is unexhausted and without merit. (D.E. 11).

**A.     The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted). Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any,

which support its contention. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585-87 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. Celotex, 477 U.S. at 322-23; ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).

**B.     Petitioner Did Not Exhaust His Administrative Remedies.**

The Fifth Circuit has held that before a federal prisoner may file a § 2241 petition for habeas corpus, he "must first exhaust his administrative remedies through the [BOP]." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (citing United States v. Gabor, 905 F.2d 76, 78 n.2 (5th Cir. 1990)).  Failure to exhaust those remedies properly can lead to dismissal of a § 2241 petition.  Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam).

The BOP uses a three-level administrative remedy process by which prisoners can seek review of any aspect of incarceration.  See 28 C.F.R. § 542.10 et seq.; see also Shah v. Quinlin, 901 F.2d 1241, 1243 (5th Cir. 1990) (discussing BOP administrative remedy procedures).  First, the inmate must present the complaint informally on a Form BP-8 to a staff member at the facility where he is housed.  See 28 C.F.R. § 542.14.  If the dispute cannot be resolved informally, the prisoner may initiate the formal three-tiered administrative process by filing a Form BP-9 complaint with the warden within twenty days of the incident.  28 C.F.R. § 542.14.  If unsatisfied with the warden's response, he has twenty days to file an appeal with the regional director on a Form BP-10.  28 C.F.R. § 542.15(a).  If he is unsatisfied with the regional director's decision, he may file an appeal on a Form BP-11 to the General Counsel within thirty days.  Id.  Appeal to the General

Counsel is the final administrative appeal. Id. These deadlines may be extended when the inmate demonstrates a valid reason for delay. Id.

Here, Petitioner made one complaint about his time credits to a BOP official in writing. It is unclear on what form this complaint was made, BP-8 or any other, but even if it was a BP-8, it does not matter. As Ms. Flagg's undisputed testimony establishes, Petitioner ended his pursuit of administrative remedies there instead of exhausting them as he was required to do before filing a habeas petition.

Accordingly, it is respectfully recommended that Petitioner failed to exhaust his administrative remedies.

**C.    Petitioner's Claim Lacks Merit.**

Congress has mandated that a federal sentence should be credited for time already served in custody:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). A petitioner is not entitled to credit on his federal sentence if

the time at issue was credited toward his state sentence.  See Trejo v. Warden, 238 F. App'x 12, 13 (5th Cir. 2007) (per curiam) (unpublished) (citing § 3538(b)); see also Garza v. Conner, 101 F. App'x 973, 974 (5th Cir. 2004) (per curiam) (unpublished) ("Garza is not entitled to credit toward his federal sentence for time served on his state sentences because he received credit on his state sentences until he was released into federal custody.").

It must first be noted that Petitioner mistakenly believes he was in federal custody from his January 18, 2006 arrest until August 2007.  Except for fourteen days in May 2007 when the Marshal had custody of Petitioner pursuant to a writ of habeas corpus ad prosequendum, Petitioner was in the custody of either the San Antonio Police Department or TDCJ from January 18, 2006 through March 13, 2008.

Regardless of Petitioner's mistaken impression, BOP correctly refrained from crediting his federal sentence with time he spent in custody from January 22, 2006 to August 2007 because this time was already credited to his state sentence.  Pursuant to § 3585(b), this time cannot, therefore, be credited toward his federal sentence.  See Leal v. Tombone, 341 F.3d 427, 429-30 (5th Cir. 2003) (per curiam) (BOP did not have to credit the time defendant spent in state custody, which was already credited toward his state sentence, toward his federal sentence, when

defendant was taken into federal custody). BOP was correct, however, in crediting his federal sentence with the four days he spent in the San Antonio Police Department's custody, which were not credited to his state sentence.

Accordingly, it is respectfully recommended that Petitioner's claim is without merit.

## IV.  RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 11), be granted.  It is further respectfully recommended that the petition be dismissed.

Respectfully submitted this 8th day of January 2010.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).